UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHAN MOLINA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADAMS,<br><br>　　　　Defendant. | Case No.: 1:24-cv-00019-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND PLEADINGS<br><br>(Doc. 27)<br><br>ORDER ON PLAINTIFF'S DECLARATION REGARDING PURPORTED MOTION<br><br>(Doc. 26) |

Plaintiff Joshua Johan Molina ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On December 29, 2023, Plaintiff filed his complaint initiating this action. (Doc. 1). The case was transferred to the Fresno division on February 4, 2024, and assigned to the undersigned. (Doc. 4). The action was stayed on July 3, 2024, to facilitate possible early alternative dispute resolution. (Doc. 16). On July 8, 2024, the stay was lifted (Doc. 21) and a discovery and scheduling order was issued (Doc. 22). Pursuant to the scheduling order, the deadline to amend pleadings was October 8, 2024, and the deadline to complete discovery is March 8, 2025.

On September 23, 2024, Plaintiff filed a motion to extend the time to amend his pleadings,

as well as all other deadlines set forth in the scheduling order. (Doc. 24). The Court granted Plaintiff's motion in part, extending only the deadline to amend pleadings to January 4, 2025. (Doc. 25).

Pending before the Court are two recent filings by Plaintiff: (1) a second motion for extension of time to amend pleadings (Doc. 27), and (2) a declaration by Plaintiff in opposition to a PURPORTED motion for Rule 11 sanctions (Doc. 26).

## II.     DISCUSSION

Plaintiff seeks a second extension of the deadline to amend the pleadings by 60 days. (Doc. 27 at 1). Briefly stated, Plaintiff asks for additional time due to Defendant's objections to Plaintiff's discovery requests. As an additional basis, Plaintiff states that Defendant "has filed a Rule 11 motion for sanctions premised on alleged baseless filing of the Complaint. Plaintiff has filed a Declaration in opposition to those sanctions. Plaintiff assumes that Defendant will not produce discovery responses until that matter is resolved." *Id.*

The decision to modify a scheduling order is within the broad discretion of the district court. *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause and good cause requires a showing of due diligence. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. *Id.* The court may also consider the prejudice to the party opposing the modification. *Id.* If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court will deny Plaintiff's request for an extension of time to amend the pleadings. Here, though Defendant is pro se and incarcerated which entitles him to some additional leniency (*see Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)), Plaintiff has not articulated facts

establishing, even with exercise of due diligence, why he cannot meet the requirement of the scheduling order.  Additionally, the Court has already granted his prior request to extend the deadline to amend the pleadings by 60 days.  (Doc. 25).

Plaintiff may not continue to extend the deadline to amend pleadings based solely on surmise that discovery anticipated to be taken at some point in the future may warrant seeking to leave to amend a pleading.  Thus, even after the pleadings amendment deadline has passed, Plaintiff may seek leave to amend his pleadings by bringing a motion to amend under Federal Rule of Civil Procedure 16 and establishing good cause for the amendment.  For these reasons, Plaintiff's request to extend the pleadings amendment deadline by 60 days is denied.

Nor does Plaintiff demonstrate good cause for a further extension of the deadline to amend pleadings based on his contention that he requires additional time to respond to a purported Rule 11 motion by the Defendant.  No Rule 11 motion for sanctions has been filed on the docket by Defendant.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's request for a 60-day extension of time within which to amend the pleadings (Doc. 27) is DENIED.

IT IS SO ORDERED.

Dated:   **December 13, 2024**                              _____
UNITED STATES MAGISTRATE JUDGE