UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHAN MOLINA,<br><br>             Plaintiff,<br><br>     v.<br><br>ADAMS,<br><br>             Defendant. | Case No.: 1:24-cv-00019-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER<br><br>(Doc. 31) |

Plaintiff Joshua Johan Molina is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On December 29, 2023, Plaintiff filed his complaint initiating this action. (Doc. 1). The case was transferred to the Fresno Division on February 4, 2024, and assigned to the undersigned. (Doc. 4). The action was stayed on July 3, 2024, to facilitate possible early alternative dispute resolution. (Doc. 16). On July 8, 2024, the stay was lifted (Doc. 21) and a discovery and scheduling order was issued (Doc. 22). Pursuant to the scheduling order, the deadline to complete discovery was March 8, 2025, and the deadline to file dispositive motions is May 19, 2025.

Pending before the Court are the following motions or requests by Plaintiff, filed February

3, 2025: (1) to compel Defendant to produce documents responsive to Plaintiff's Request for Production of Documents; (2) to appoint counsel; and (3) to modify the scheduling order. (Doc. 31). Defendant filed an opposition to Plaintiff's motions/requests on February 25, 2025. (Doc. 32).

## II. DISCUSSION

### A. Plaintiff's Motion to Compel and Defendant's Opposition

The parties agree that, on or about September 10, 2024, Plaintiff served his Request for Production of Documents and Defendant served his responses on October 29, 2024. (Doc. 31 at 3; Doc. 32 at 2). According to Plaintiff, Defendant's responses included objections to Plaintiff's requests but Defendant did not produce any documents. Plaintiff asserts that he sent an "informal reply letter" to Defendant on December 14, 2024, in which he "urg[ed] cooperation" with his discovery requests but that Defendant did not produce documents in response thereto.

Plaintiff did not attach to his motion to compel copies of his discovery requests or Defendant's responses and he does not cite in his motion any specific discovery request for which he challenges Defendant's response as deficient. Instead, it appears that he challenges the fact that Defendant has not produced documents or other materials he perceives are responsive to his requests.

In his opposition, Defendant first asserts that he is not held to be in "constructive possession of the County's documents" because he is sued in his individual (not official) capacity. (Doc. 32 at 2-3). Because the Court does not have the benefit of a copy of either Plaintiff's discovery requests or Defendant's responses, the Court infers that Defendant asserts this argument for the proposition that, to the extent Plaintiff's discovery requests seek documents of the County of Kern (such as policy and training manuals applicable to staff at the custodial facility where the operative events occurred), Defendant objects to their production because Defendant individually does not possess the documents. Defendant notes that Plaintiff may obtain County documents through use of a third-party subpoena. *Id.* at 4.

Second, Defendant asserts that his responses to Plaintiff's discovery requests followed "a reasonable inquiry and diligent search" and that no documents were produced because Defendant

1  does not possess responsive documents.  *Id.* at 3.

2  Third, Defendant asserts objections on the grounds of overbreadth, vagueness and undue
3  burden, noting that Plaintiff's discovery requests incorporate expansive definitions of terms
4  including "document" and "relate to."  *Id.* at 3-4.

5  **III.  DISCUSSION**

6  **A. Motion to Compel**

7  **1. Standard of Law**

8  The Court has broad authority to manage its docket and control discovery.  *See, e.g.*,
9  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.
10  2002) ("broad discretion is vested in the trial court to permit or deny discovery").

11  A motion to compel is appropriate where a party fails to produce relevant, non-privileged
12  documents requested pursuant to Rule 34 that are in the responding party's possession, custody,
13  or control.  Fed. R. Civ. P. 37(a)(3).  If a party, in response to a request for production under Rule
14  34, fails to produce or permit inspection, the discovering party may move for an order compelling
15  production.  *Id*.  An evasive or incomplete answer or response to a discovery request "must be
16  treated as a failure to disclose, answer or respond."  Fed. R. Civ. P 37(a)(4).  The party seeking
17  the motion to compel discovery has the burden of informing the court why the defendants'
18  objections are not justified or why the defendants' responses are deficient.

19  Generally, if a responding party objects to a discovery request, the party moving to
20  compel bears the burden of demonstrating that the objections are unjustified.  *See, e.g.*, *Grabek v.*
21  *Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);
22  *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21,
23  2011).  This requires the moving party to inform the court which discovery requests are the
24  subject of the motion to compel, and, for each disputed response, why the information sought is
25  relevant and why the objections lack merit.  *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL
26  6703958, at *3.  The opposing party is "required to carry a heavy burden of showing why
27  discovery was denied."  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

28  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

1  party's claim or defense and proportional to the needs of the case, considering the importance of
2  the issues at stake in the action, the amount in controversy, the parties' relative access to relevant
3  information, the parties' resources, the importance of the discovery in resolving the issues, and
4  whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.
5  Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not
6  without ultimate and necessary boundaries." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 679-80
7  (N.D. Cal. 2006).

## 2. Analysis

Significantly, the Court notes Plaintiff has failed to provide the Court with copies of the discovery requests he propounded to Defendant and Defendant's responses thereto.

As Plaintiff was advised in this Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued January 4, 2024, "If a response to discovery is found to be unsatisfactory, the party seeking discovery may file a motion to compel a further response *and in that case must include a copy of the discovery propounded and the response to it.*" (Doc. 5 at 4, italics added). That order further provides that "[a] discovery motion that does not comply with applicable rules may be stricken and may result in imposition of sanctions." *Id*. at 5.

Here, Plaintiff has failed to provide a copy or copies of the discovery requests he propounded and the response or responses by Defendant to that discovery. While Plaintiff's motion clearly pertains to certain records of the County of Kern, the Court will not consider Plaintiff's motion in the absence of access and review of the specific language used in the request or requests. *See, e.g*., *Martinez v. Lawhorn*, No. 1:21-cv-01602-JLT-CDB (PC), 2024 WL 774949, at *2-3 (E.D. Cal. Feb. 26, 2024) (denying motion to compel where plaintiff failed to provide copies of earlier requests for production of documents and copies of defendants' responses to his third request for production of documents); *Garbarini v. Ulit*, No. 1:14-cv-01058-AWI-SAB (PC), 2016 WL 4474597, at *2 (E.D. Cal. Aug. 24, 2016) ("Plaintiff's motion is procedurally defective because he failed to attach the discovery requests at issue or the Defendants' responses which he contends are inadequate."). Simply put, Plaintiff's motion is procedurally defective and will be denied.

4

Separately, the party seeking production of documents bears the burden of proving that the opposing party has possession, custody or control of the documents. *See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)). Here, Plaintiff has not refuted (or responded to) Defendant's assertion that he neither possesses, nor has custody of, nor controls any documents responsive to Plaintiff's discovery requests. Because Defendant is sued in his individual capacity, the degree to which he may have access to government documents is narrowed significantly than were he sued in his official capacity, at which point an action becomes the functional equivalent of a suit against the state. *See Shields v. Koelling*, No., 2012 WL 1435029, at *2 n.1 (E.D. Cal. Apr. 25, 2012)

Given that Defendant is a corrections deputy and not a higher official (such as the Warden) sued in his individual capacity, the Court accepts Defendant's representation that he does not have possession, custody, or control of any responsive documents. *See id.* at *2 (denying motion to compel where defendant-correctional officer was sued in his individual capacity and, hence, not in possession of the requested CDCR and institutional documents and records).

The Court observes that, to the extent Defendant remains employed at the custodial facility at issue in this action (Central Receiving Facility, Bakersfield), he possibly has "access" to documents that may be responsive to Plaintiff's discovery requests. If, in connection with a dispositive motion or at trial, Defendant seeks to rely upon documents or information to which he has access that are responsive to Plaintiff's discovery requests but failed to produce such documents during discovery, Plaintiff would have recourse to seeking an order of the Court striking or excluding such documents for Defendant's failure to produce them as required under Rule 26(a). *See* Fed. R. Civ. P. 26(a)(a)(A).

### B. Motion for Appointment of Counsel

#### 1. Standard of Law

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28

5

U.S.C. § 1915(e)(1).  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989).  However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks & citations omitted).

### 2. Analysis

In support of his motion for appointment of counsel, Plaintiff asserts that he has used the services of a "jailhouse lawyer" during the six months leading up to his filing of the instant motions but that he is unlikely to have the benefit of those services moving forward.  (Doc. 31 at 4).  Thus, Plaintiff asserts he "will be unable to file adequate motions or request further discovery without assistance."  *Id.*  Plaintiff further asserts other "extraordinary circumstances" exist warranting the appointment of counsel, specifically: (1) that defense counsel has used "deceitful and threatening tactics" that impose undue burden; (2) that Plaintiff is pro se without "knowledge of procedural law"; (3) that Plaintiff anticipates needing to retain experts to review evidence; and (4) that Plaintiff is unable to investigate facts of the case and because records he seeks are in the possession of the County and jail.  *Id.* at 6-7.

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525.  The Court finds that although Plaintiff's complaint was screened[1] by the Court and found to plead cognizable claims to which Defendant answered, a likelihood of success on the merits determination is premature as discovery has only recently closed but the parties have not yet filed dispositive motions.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light

---

[1] At screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief.  The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening.

of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. The Court finds a 14th Amendment excessive force claim such as that presented here is not complex. *See, e.g.*, *Davis v. Portillo*, No. 1:22-cv-00457-KES-CDB (PC), 2024 WL 1313043, at *3 (E.D. Cal. Mar. 27, 2024); *Andre-Gollihar v. Cnty. of San Joaquin*, No. 2:09-cv-03313 MCE KJN PS, 2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force and wrongful death are not complex"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect"). While the Court acknowledges Plaintiff's asserted expectation that he may soon lose the services of his "jailhouse lawyer," there is nothing before the Court to suggest Plaintiff is unable to articulate himself or employ logic sufficient to litigate his claims.

Nor is Plaintiff's asserted lack of legal knowledge an exceptional circumstance; rather, they are circumstances common to nearly all pro se prisoner litigants. *See, e.g*., *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"); *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (same); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

As to Plaintiff's assertion that appointment of counsel is warranted in light of his need for but inability to access documents in the possession of others, Plaintiff had recourse during discovery pursuant to Rule 45 to request the Court issue a subpoena to a third party for documents

7

in that third party's possession, custody, or control.  Fed. R. Civ P. 45(a)(2) & (3).  In his opposition to Plaintiff's motion, Defendant pointed this out.  *See* (Doc. 32 at 4) ("If Plaintiff seeks such documents, he must pursue third-party subpoenas rather than demanding them from Defendant.").  Nevertheless, Plaintiff has never filed in this action a request that the Court issue subpoenas.  This does not constitute an exceptional circumstance warranting appointment of counsel.

Plaintiff also argues exceptional circumstances exist due to the "deceitful and threatening tactics of Defense counsel."  (Doc. 31 at 7).  However, the Court finds no indication of deceit or threatening tactics on behalf of defense counsel on the record before the Court.  In any event, Plaintiff's assertion does not amount to an exceptional circumstance warranting the appointment of counsel.

Plaintiff asserts "experts are likely required to review evidence, once it is obtained" (*see* Doc. 31 at 7), but this too is not an exceptional circumstance warranting the appointment of counsel.  *Brooks v. Smith*, No. 2:22-CV-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal. Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, or the potential necessity of an expert witness are common to almost all prisoners and, as such not extraordinary").  Furthermore, Rule 706 of the Federal Rules of Evidence is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses.  *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012); *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010)..  Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff.  *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (citing cases).  Instead, the appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant.  *See id.*; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013).

The fact an attorney would be better prepared to litigate and try this action, does not amount to an exceptional circumstance warranting the appointment of counsel.  *See Rand*, 113

8

F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"). There is little doubt most pro se litigants find it difficult to articulate their claims and would be better served with the assistance of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel

**C. Motion to Modify Scheduling Order**

Plaintiff requests that the Court extend the since-expired discovery deadline (March 8, 2025) to facilitate production of materials he believes have been withheld improperly by Defendant in response to Plaintiff's discovery requests. (Doc. 31 at 4-5). However, as set forth above, Plaintiff has not met his burden of demonstrating that Defendant has improperly withheld materials in response to his discovery requests. Among other things, Plaintiff had recourse to requesting third-party subpoenas for the records he seeks, but even after being reminded of this by Defendant's opposition brief, Plaintiff has filed to apply to this Court for any subpoena. Accordingly, the Court does not find good cause to reopen discovery.

///

**IV.     CONCLUSION AND ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Doc. 31) is DENIED;

2. Plaintiff's motion for appointment of counsel (Doc. 31) is DENIED; and

3. Plaintiff's motion to modify the scheduling order (Doc. 31) is DENIED.

IT IS SO ORDERED.

Dated:  **May 1, 2025**

UNITED STATES MAGISTRATE JUDGE