UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHAN MOLINA,<br><br>             Plaintiff,<br><br>   v.<br><br>ADAMS,<br><br>             Defendant. | Case No. 1:24-cv-00019-CDB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME <u>AS MODIFIED</u><br><br>(Doc. 40) |

**I.      Background**

Plaintiff Joshua Johan Molina, proceeding pro se, initiated this action with the filing of a complaint on December 29, 2023.  (Doc. 1).  Defendant Adams filed an answer on July 2, 2024.  (Doc. 15).

On February 3, 2025, Plaintiff filed a motion to compel discovery, to appoint counsel, and to modify the scheduling order.  (Doc. 31).  On May 1, 2025, the Court denied Plaintiff's motion.  (Doc. 33).

Pending before the Court is a document signed by Plaintiff and dated May 17, 2025, filed on the docket on May 23, 2025, and titled "motion for 28-day extension of time to file objections to orders."  (Doc. 40).

**II.     Discussion**

In his filing, Plaintiff seeks an extension of time to file "objections" to the Court's order of

May 1, 2025, denying his motion to compel discovery, to appoint counsel, and to modify the scheduling order (Doc. 33).  In support of his motion to extend time, Plaintiff cites to Federal Rules of Civil Procedure 6(b)(1)(A), 46, and 72(a).  *See* (Doc. 40).

First, Rule 6(b)(1)(A) provides for extensions of time for good cause, generally, where an act may or must be done within a specified time.  It does not purport to provide for the relief sought by Plaintiff as to objections to the Court's orders.  *See* Fed. R. Civ. P. 6(b)(1)(A).

Second, neither Rule 46 nor 72(a) is applicable here.  Rule 46 merely provides for parties to preserve objections, particularly during trials and hearings.  *See* Fed. R. Civ. P. 46.  Separately, Rule 72(a) applies to non-dispositive matters referred to a magistrate judge by a district judge, in cases where not all parties have consented to magistrate judge jurisdiction.  *See* Fed. R. Civ. P. 72(a).  Because all parties in this action have consented to the jurisdiction of a magistrate judge, the undersigned is authorized to conduct all proceedings and, accordingly, no district judge is assigned.  *See* (Doc. 20).  Thus, neither Rule 46 nor 72(a) purport to provide for the relief sought by Plaintiff.

Upon review of Plaintiff's motion, it appears that the relief Plaintiff seeks is reconsideration of the Court's order denying his motion to compel discovery, to appoint counsel, and to modify the scheduling order (Doc. 33).  The applicable standard governing a motion for reconsideration is set forth below.

### a. Legal Standard Governing Reconsideration

The Court has discretion to reconsider and vacate a prior order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).  Motions for reconsideration are disfavored, and they are not to be used to ask the Court "to rethink what the court had already thought through . . ."  *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

To succeed on such a motion in this district, a party must set forth the material facts and

circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and explain "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3)-(4). *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

### b. Plaintiff's Motion for Extension of Time

The Court will construe Plaintiff's motion for 28-day extension of time (Doc. 40) to be, more properly, a motion for an extension of time within which to file a motion for reconsideration. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (explaining that courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"). For good cause shown, the Court will grant Plaintiff's motion.

### III. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for extension of time (Doc. 40) is GRANTED. Plaintiff shall file any motion for reconsideration no later than **June 20, 2025**.

IT IS SO ORDERED.

Dated:   **May 28, 2025**

UNITED STATES MAGISTRATE JUDGE

3