UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHAN MOLINA,<br><br>                Plaintiff,<br><br>   v.<br><br>ADAMS,<br><br>                Defendant. | Case No. 1:24-cv-00019-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DENIAL OF PLAINTIFF'S MOTION TO COMPEL, TO APPOINT COUNSEL, AND TO MODIFY SCHEDULING ORDER<br><br>(Doc. 42)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 43)<br><br>**SEPTEMBER 1, 2025, DEADLINE** |

I.     **BACKGROUND**

Plaintiff Joshua Johan Molina ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on December 29, 2023. (Doc. 1). Following issuance of the Court's screening order on April 24, 2024, this action proceeds on Plaintiff's Fourteenth Amendment excessive force claim against Defendant Adams.

On February 3, 2025, Plaintiff filed a motion to compel discovery, to appoint counsel, and to modify the scheduling order. (Doc. 31). On May 1, 2025, the Court denied Plaintiff's motion.

(Doc. 33). On May 23, 2025, Plaintiff filed a motion for extension of time within which to file objections to the Court's denial. (Doc. 40). The Court construed the motion as a request for an extension of time within which to file a motion for reconsideration and granted the request. (Doc. 41). On May 19, 2025, Defendant Adams filed a motion for summary judgment. (Doc. 34).

Pending before the Court are two documents filed by Plaintiff. On July 10, 2025, Plaintiff filed his motion for reconsideration of the Court's earlier denial of his motion to compel, to appoint counsel, and to modify the scheduling order. (Doc. 42). On July 11, 2025, Plaintiff filed a motion for extension of time within which to respond to Defendant's pending motion for summary judgment. (Doc. 43).

## II.   GOVERNING LAW AND ANALYSIS

### A. Motion for Reconsideration

#### 1. Legal Standard

The Court has discretion to reconsider and vacate a prior order pursuant to Rule 60(b), Federal Rules of Civil Procedure. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are disfavored, and they are not to be used to ask the Court "to rethink what the court had already thought through . . ." *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001).

To succeed on such a motion in this district, a party must set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and explain "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3)-(4). *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

**2. Discussion**

Following Plaintiff's filing of a request for additional time within which to file a motion for reconsideration of the Court's denial of his earlier motions to compel, to appoint counsel, and to modify the scheduling order, the Court ordered Plaintiff to file any such motion for reconsideration no later than June 20, 2025. (Docs. 40, 41). However, Plaintiff's motion for reconsideration, docketed by the Clerk of the Court on July 10, 2025, is signed by Plaintiff on June 27, 2025, rendering it untimely. (Doc. 42). In apparent recognition of the motion's untimeliness, Plaintiff asserts that his custodial facility was on lockdown from June 12 to June 26, 2025, resulting in his inability to "meet with [his] legal assistant" who possessed his file. *See* (Doc. 42).

Whether or not Plaintiff's delay is excusable, his motion for reconsideration (like his earlier motion to compel) fails to attach the relevant discovery requests and responses that are the subject of his motion to compel. Moreover, Plaintiff's motion for reconsideration consists of a single page, in which he states that he did not attach said documents as the "rules of court seem to say not to file discovery documents until required." *Id.* (citing E.D. Cal. Local Rule 251(a)). The cited rule concerns the procedure to schedule hearings regarding discovery disagreements and does not stand for Plaintiff's asserted proposition.

In all events, Plaintiff was advised in the Court's order denying his motion to compel that "the party seeking discovery may file a motion to compel" and that such motion "*must* include a copy of the discovery propounded and the response to it." (Doc. 33 at 4; citing Doc. 5 at 4) (emphasis added). Plaintiff was advised further that "[a] discovery motion that does not comply with applicable rules may be stricken and may result in imposition of sanctions." *Id.* (citing Doc. 5 at 5) (quotation omitted).

Plaintiff again fails to attach the necessary discovery requests and responses to his motion. Further, Plaintiff has not shown any new or different facts or circumstances that are claimed to exist which did not exist or were not shown upon such prior motion. Thus, Plaintiff's motion for reconsideration (Doc. 42) will be denied.

///

### B. Motion for Extension

Plaintiff requests additional time within which to respond to Defendant's motion for summary judgment. (Doc. 43). In support, Plaintiff states that he did not receive the motion until after June 1, 2025. He states the facility went on lockdown from June 12 to June 26, 2025, and during this time he was unable to "seek assistance or research the motion." *Id.* at 1. He provides that a sixty-day extension "should be sufficient to review the approximately 200 pages sent by Defendant with the motion …" *Id.* at 1-2.

For good cause appearing, the Court will grant Plaintiff's request for extension (Doc. 43).

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's denial of his motion to compel discovery, appoint counsel, and modify the scheduling order (Doc. 42) is DENIED.
2. Plaintiff's motion for an extension of time within which to respond to Defendant's motion for summary judgment (Doc. 43) is GRANTED. Plaintiff shall file his response no later than **September 1, 2025**.

IT IS SO ORDERED.

Dated: **July 17, 2025**

UNITED STATES MAGISTRATE JUDGE