1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    JOSHUA JOHAN MOLINA,                    Case No.: 1:24-cv-00019-CDB (PC)

12                    Plaintiff,              ORDER TO SHOW CAUSE IN WRITING
                                              WHY SANCTIONS SHOULD NOT BE
13        v.                                  IMPOSED FOR PLAINTIFF'S FAILURE TO
                                              FILE AN OPPOSITION OR STATEMENT OF
14    ADAMS,                                  NON-OPPOSITION TO DEFENDANT'S
                                              MOTION FOR SUMMARY JUDGMENT
15                    Defendant.
                                              (Doc. 34)
16
                                              **14-DAY DEADLINE**
17

18        Plaintiff Joshua Johan Molina is proceeding pro se and *in forma pauperis* in this civil rights

19    action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Fourteenth Amendment

20    excessive force claim against Defendant Adams. (Docs. 1, 10).

21    **I.        RELEVANT BACKGROUND**

22        The Court issued its Discovery and Scheduling Order on July 8, 2024. (Doc. 22). On May

23    19, 2025, Defendant filed a motion for summary judgment based on Plaintiff's failure to state a

24    claim. (Doc. 34). Defendant's motion included a *Rand*[1] warning, specifically addressing the

25    requirements concerning an opposition to a motion for summary judgment. (Doc. 34-5). On May

26    23, 2025, Plaintiff filed a motion for extension of time within which to file a motion for

27

28        [1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    reconsideration regarding the Court's prior order denying his motion to compel. (Doc. 40). On May

2    28, 2025, the Court granted Plaintiff's motion for extension of time thereto, as modified. (Doc. 41).

3    On July 10, 2025, Plaintiff filed his motion for reconsideration. (Doc. 42). On July 11, 2025,

4    Plaintiff filed a motion for extension of time to respond to Defendant's motion for summary

5    judgment. (Doc. 43). That same day, Plaintiff filed a response to Defendant's separate statement of

6    undisputed facts accompanying the motion for summary judgment, but did not otherwise respond

7    to the motion. (Doc. 44). On July 17, 2025, the Court granted Plaintiff's motion for extension of

8    time, extending until September 1, 2025, the time within which Plaintiff was required to file his

9    response to Defendant's motion for summary judgment. (Doc. 45).

10        The deadline by which Plaintiff was required to respond to Defendant's motion for

11   summary judgment has passed and Plaintiff has not filed any response, sought an extension, or

12   otherwise explained the delinquency.

13   **II.    DISCUSSION**

14        Rule 56 of the Federal Rules of Civil Procedure concerns summary judgment. It provides,

15   in relevant part:

16   **Failing to Properly Support or Address a Fact**. If a party fails to
     properly support an assertion of fact or fails to properly address
17   another party's assertion of fact as required by Rule 56(c), the court
     may:
18

19     (1) give an opportunity to properly support or address the fact;

20     (2) consider the fact undisputed for purposes of the motion;

21     (3) grant summary judgment if the motion and supporting
         materials—including the facts considered undisputed—show
         that the movant is entitled to it; or
22

23     (4) issue any other appropriate order.

24   Fed. R. Civ. P. 56(e). This Court's Local Rules, corresponding with Federal Rule of Civil Procedure

25   11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order

26   of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by

27   statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, Local Rule

28   230 states:

1
2
3
4
5

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

6   Local Rule 230(*l*). Therefore, Plaintiff's opposition or statement of non-opposition to Defendant's

7   pending motion for summary judgment was due on or before September 2, 2025, plus time for

8   mailing (September 1, 2025, falls on a public holiday). Plaintiff has failed to timely file an

9   opposition or statement of non-opposition, and the time to do so has now passed.

10  ### III.    CONCLUSION AND ORDER

11       Accordingly, the Court HEREBY ORDERS Plaintiff to show cause in writing, **within 14**

12  **days** of the date of service of this Order, why sanctions should not be imposed for his failure to

13  comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition

14  or statement of non-opposition to Defendant's motion for summary judgment filed May 19, 2025

15  (Doc. 34).

16       **Any failure by Plaintiff to respond to this Order may result in dismissal of this action**

17  **for failure to obey court orders and failure to prosecute.**

18  IT IS SO ORDERED.

19
20       Dated:    **September 15, 2025**                    _____

     UNITED STATES MAGISTRATE JUDGE

21
22
23
24
25
26
27
28