UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHAN MOLINA,<br><br>             Plaintiff,<br><br>   v.<br><br>ADAMS,<br><br>             Defendant. | Case No. 1:24-cv-00019-CDB (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. 46) |

**I.     Background**

Plaintiff Joshua Johan Molina is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983. On December 29, 2023, Plaintiff initiated this action with the filing a complaint. (Doc. 1).

The Court issued its Discovery and Scheduling Order on July 8, 2024. (Doc. 22). On May 19, 2025, Defendant filed a motion for summary judgment based on Plaintiff's failure to state a claim. (Doc. 34). Defendant's motion included a *Rand*[1] warning, specifically addressing the requirements concerning an opposition to a motion for summary judgment. (Doc. 34-5). On May 23, 2025, Plaintiff filed a motion for extension of time within which to file a motion for reconsideration regarding the Court's prior order denying his motion to compel. (Doc. 40). On

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1  May 28, 2025, the Court granted Plaintiff's motion for extension of time thereto, as modified. (Doc.
2  41). On July 10, 2025, Plaintiff filed his motion for reconsideration. (Doc. 42). On July 11, 2025,
3  Plaintiff filed a motion for extension of time to respond to Defendant's motion for summary
4  judgment. (Doc. 43). That same day, Plaintiff filed a response to Defendant's separate statement
5  of undisputed facts accompanying the motion for summary judgment, but did not otherwise respond
6  to the motion. (Doc. 44). On July 17, 2025, the Court granted Plaintiff's motion for extension of
7  time, extending until September 1, 2025, the time within which Plaintiff was required to file his
8  response to Defendant's motion for summary judgment. (Doc. 45).

9  The deadline passed and Plaintiff did not file any response. On September 15, 2025, the
10 Court ordered Plaintiff to show cause why sanctions should not be imposed for his failure to comply
11 with the Local Rules and file a response to Defendant's motion for summary judgment. (Doc. 46).
12 Plaintiff was advised that "**[a]ny failure by Plaintiff to respond to this Order may result in**
13 **dismissal of this action for failure to obey court orders and failure to prosecute**." *Id.* at 3
14 (emphasis in original).

15 The order to show cause was served on Plaintiff. (*See* docket entry "service by mail," dated
16 September 15, 2025). Plaintiff failed to file a response to the Court's order and the deadline to do
17 so has passed. Thus, the undersigned finds dismissal without prejudice to be appropriate for
18 Plaintiff's failure to comply with the Court's orders and failure to prosecute. *E.g., Rios v. Gipson*,
19 No. 21-16652, 2022 WL 4298335, at *1 (9th Cir. Sept. 19, 2022) (affirming dismissal of plaintiff's
20 § 1983 action for his failure to file an opposition or statement of non-opposition to defendants'
21 motion for summary judgment, despite being granted an extension of time to make his filing).

22 **II.    Governing Law**

23 A pro se plaintiff must comply with orders of the court. Local Rule ("L.R.") 183. Failure
24 to comply with a court order may be grounds for imposition of sanctions, including dismissal or
25 any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent
26 power to control its docket also allows the court to impose sanctions, including dismissal of an
27 action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R.
28 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

### III. Discussion

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to advance and prosecute this case by responding to the Court's order to show cause and Defendant's motion for summary judgment, thereby delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest … It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id*. Here, Plaintiff's failure to respond to the Court's order to show cause and Defendant's motion for summary judgment is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to comply with the Court's order and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given Plaintiff's incarceration, monetary sanctions would be of little efficacy. Moreover, the preclusion of

evidence or witnesses is not appropriate at this stage of the proceedings. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

Here, Plaintiff has been warned that failure to obey this Court's orders will result in dismissal of the action. (Doc. 46 at 3). Additionally, Local Rule 230(*l*), concerning motion practice in prisoner actions, states that "[a] responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." L.R. 230(*l*). Further, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's orders, this factor does not, therefore, weigh completely against dismissal.

After weighing these factors, the undersigned finds that dismissal without prejudice is appropriate for Plaintiff's failure to comply with the Court's order and failure to prosecute.

**IV.    Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that:

1.    This action is DISMISSED without prejudice for Plaintiff's failure to comply with the Court's orders and failure to prosecute; and

///

///

///

4

2. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **October 20, 2025**

_____
UNITED STATES MAGISTRATE JUDGE